UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 1 6 2011
Clerk, U.S. District and
Bankruptcy Courts

TiJon Cox, )
)
    Plaintiff, )
)
v. ) Civil Action No. 11 2041
)
Michael James Astrue, )
)
    Defendant. )

MEMORANDUM OPINION

This matter is before the Court on its review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, a resident of Baltimore, Maryland, sues the Commissioner of the Social Security Administration ("SSA") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* He claims that defendant "[v]iolated the [FTCA] for personal injury and negligence . . .," Compl. at 1, and he seeks $8.7 million in damages. *Id.* at 2. Such a claim is properly brought against the United States, but is maintainable only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."); *accord GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Plaintiff has not shown that he has exhausted his administrative remedies under the FTCA.



3

Plaintiff has attached to the complaint an administrative order dated April 18, 2011, remanding his SSA claim to the Administrative Law Judge for further action. That action by the Appeals Council is separate from any FTCA exhaustion requirement and, in any event, is not a final decision over which this Court would have jurisdiction under 42 U.S.C. § 405(g). Therefore, this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Beryl A. Howell
United States District Judge

Date: November 17, 2011